## EXHIBIT A

## REPRESENTATIVE CASES INVOLVING NYPD MISCONDUCT FROM 1986 THROUGH 2000

- *People v. Springer*, 122 A.D.2d 87 (2d Dep't 1986) (reversing 1983 conviction and dismissing indictment where police engaged in "misconduct" in 1982 by destroying *Brady* material—photographs taken by surveillance camera—that was critical in a one-witness identification case).
- *People v. Rigaud*, 152 A.D.2d 643 (2d Dep't 1989) (noting that NYPD officer destroyed notes in memo book constituting *Rosario* material in 1985).
- *People v. Cortez*, 149 Misc. 2d 886 (Crim. Ct. Kings Cnty. 1991) (dismissing 1990 indictment after finding that police violated *Rosario* and violated "spirit" of *Brady* by intentionally destroying tapes they were court-ordered to be preserve, and that KCDAO shared responsibility in tape destruction).
- *People v. Moss*, 176 A.D.2d 826 (2d Dep't 1991) (reversing 1988 drug sale conviction and ordering new trial for *Rosario* violations, where officers lost or destroyed pieces of paper providing contemporaneous description of seller).
- *Walker v. City of New York*, 974 F.2d 293 (2d Cir. 1992) (reversing dismissal of Walker's Section 1983 civil action alleging *Monell* liability arising from police perjury and KCDAO *Brady* violations, both of which were alleged to have caused Walker's 1971 conviction for 1970 murder that was vacated in 1990).
- *People v. Johnson*, 80 N.Y.2d 798 (1992) (ordering new trial where 1984 conviction rested solely on eyewitness whose testimony was "internally contradictory and inconsistent in nature" and lineup identification should have been suppressed).
- *Hart v. City of New York*, 186 A.D.2d 398 (1st Dep't 1992) (damages award upheld against police officers who gave false grand jury and trial testimony after 1988 trial on false arrest and malicious prosecution claims).
- *People v. Nikollaj*, 155 Misc. 2d 642 (Sup. Ct. Bronx Cnty. 1992) (vacating conviction due to *Rosario* violations where police failed to turn over numerous inconsistent statements of complainant officers for 1989 crime).
- *People v. Dunn*, 185 A.D.2d 54 (1st Dep't 1993) (reversing conviction in part where, among other things, detective destroyed his investigative notes related to 1986 crimes).
- *People v. White*, 200 A.D.2d 351 (1st Dep't 1994) (vacating 1986 conviction where police report containing *Brady* and *Rosario* material—consisting of statements of the principal prosecution witness that were materially inconsistent with the witness's trial testimony—was withheld from defendant and only discovered through defendant's post-conviction Freedom of Information Law requests to NYPD and Bronx County District Attorney's Office).
- *People v. Brogdon*, 213 A.D.2d 418 (2d Dep't 1995) (reversing conviction where NYPD sergeant destroyed notes containing description of perpetrator for 1991 drug sale, and where identification by undercover officer "cannot be said as a matter of law" to have been "merely confirmatory and not suggestive").
- *People v. Joseph*, 86 N.Y.2d 565 (1995) (reversing conviction and finding adverse inference instruction to be appropriate where police deliberately destroyed envelopes into which officers had placed cocaine vials seized from defendant in 1990).

- *People v. Anderson*, 222 A.D.2d 442 (2d Dep't 1995) (reversing conviction where officer's scratch notes of 1991 arrest report and complaint were lost or destroyed due to officer's "lack of due care").
- *People v. White*, 232 A.D.2d 436 (2d Dep't 1996) (reversing conviction where officer lost or destroyed his memo book and notes of 1993 arrest due to "lack of due care").
- *People v. Jackson*, 237 A.D.2d 179 (1st Dep't 1997) (vacating conviction where police withheld Internal Affairs Division reports containing entries "that were significantly at variance with the prosecution's evidence at [1992] trial and were clearly evidence that was favorable to the accused");.
- *People v. Gallman*, 240 A.D.2d 512 (2d Dep't 1997) (reversing 1992 conviction for failure to disclose notes of police interview with prosecution's key witness).
- *People v. Branch*, 175 Misc.2d 933 (Sup. Cnty. Kings County 1998) (People successfully fought motion to vacate 1990 conviction for 1988 murder based upon confession of real killer; conviction overturned in 2002 after key prosecution witness recanted and said police paid him for his cooperation).
- *Crespo v. City of New York*, No. 93-CV-8847 (S.D.N.Y.) (settled in 1996 for $25,000, where plaintiff was arrested without probable cause on weapons possession charges; complaint alleged *Monell* claim based on NYPD's "foster [ing of] a policy to which perjury and the falsification of documents were methods of securing indictments and convictions of innocent individuals").
- *Gurley v. City of New York*, No. 95-CV-2422 (E.D.N.Y.) (settled in 1997 for $1,750,000, where conviction obtained in 1972 was vacated over 20 years later based on prosecutor's withholding of exculpatory evidence, including NYPD ballistics report; complaint alleged that NYPD had longstanding policy of deliberate indifference to constitutional requirements that exculpatory evidence be preserved and disclosed to defendants).
- *Napoli v. City of New York*, No. 97-CV-1255 (E.D.N.Y.) (Settled in 1999 for $60,000, where plaintiff was arrested on weapons possession and assault charges based on false grand jury testimony by NYPD officers; complaint alleged *Monell* theory of liability based on City's deliberate indifference to constitutional obligations of NYPD, failure to train and supervise police officers, and negligent hiring of officers, which caused violations of plaintiff's constitutional rights).
- *Jefferson v. City of New York*, No. 98-CV-1097 (E.D.N.Y.) (settled in 1999 for $175,000, where plaintiff corrections officer was arrested on drug charges without probable cause, and charges remained pending for five months before grand jury returned no true bill; complaint alleged that NYPD officers failed to inform prosecutors of their knowledge of plaintiff's innocence during prosecution).
- *Sweazie v. City of New York*, No. 99-CV-419 (E.D.N.Y.) (settled in 1999 for $20,000, where plaintiff was arrested on weapons possession charges, prosecution continued based on NYPD officers' false statements in felony complaint, and charges were dismissed when grand jury voted no true bill).
- *Gordon v. City of New York*, No. 97-CV-8035 (S.D.N.Y.) (settled in 1998 for $40,000, where plaintiff was arrested without probable cause based on false allegations in felony complaint made by NYPD officers, and charges were dismissed by prosecutor three months after arrest).
- *Lovell v. City of New York*, No. 00-CV-2 (S.D.N.Y.) (settled in 2000 for $40,000, where plaintiff was arrested without probable cause for turnstile jumping based on false

statements made by NYPD officer in criminal complaint; complaint alleged *Monell* theory of liability based on City's deliberate indifference to constitutional obligations of NYPD, failure to train police officers, and negligent hiring of officers, which caused violations of plaintiff's constitutional rights; also alleged NYPD's institutional failure to follow up on civilian complaints made to Internal Affairs Bureau and Civilian Complaint Review Board).