## EXHIBIT B

## REPRESENTATIVE CASES INVOLVING KCDAO MISCONDUCT FROM 1975 THROUGH 2000

- *People v. Testa*, 48 A.D.2d 691 (2d Dep't 1975) (defendant's conviction for robbery and related charges reversed because prosecutor withheld FBI file that contained material that supported defendant's alibi).
- *People v. Williams*, 68 A.D.2d 918 (2d Dep't 1979) (reversed gambling conviction due to prosecutor's suppression of *Brady* material that supported defendant's trial testimony).
- *People v. Murphy*, 109 A.D.2d 895 (2d Dep't 1985) (noting that prosecutor failed to turn over sworn statement of robbery victim when *Brady* material was requested by defense counsel in advance of 1981 trial).
- *People v. Perez*, 65 N.Y.2d 154 (1985) (in 1984 trial, prosecutor committed *Rosario* violation by failing to disclose documentation that key prosecution witness may have solicited money from defendant's family in exchange for not testifying at trial).
- *People v. Ray*, 140 A.D.2d 380 (2d Dep't 1988) (prosecutor's post-verdict disclosure of homicide detective's memo book containing inconsistent statements of People's primary witness required reversal of murder conviction).
- *People v. McFarlane*, 143 A.D.2d 775 (2d Dep't 1988) (reversing conviction obtained by KCDAO in 1987 trial where KCDAO failed to disclose *Rosario* material consisting of prior sworn statement of prosecution trial witness).
- *People v. Lumpkins*, 141 Misc.2d 581 (Sup. Ct. Kings Cnty.1988) (Judge Michael R. Juviler) (prosecutor withheld exculpatory *Brady* material consisting of a DD5 of a call made to Crime Stoppers unit informing detective that defendant was innocent requiring vacatur of murder conviction).
- *People v. Vilardi*, 150 A.D.2d 819 (2d Dep't 1989), *aff'd,* 76 N.Y.2d 67 (1990) (vacating 1983 arson conviction based on prosecutor's failure to turn over exculpatory police report prepared by the chief bomb squad expert initially concluding that no explosion occurred, in violation of *Brady*).
- *People v. Lugo*, 153 A.D.2d 761 (2d Dep't 1989) (prosecutor's suppression of *Brady/Rosario* material required vacatur of 1981 murder conviction).
- *People v. Rayford*, 158 A.D.2d 482 (2d Dep't 1990) (reversing 1986 conviction and ordering new trial because prosecutor suppressed exculpatory information, and reversing trial court order admitting evidence obtained using suggestive identification procedures).
- *People v. Nedrick*, 166 A.D.2d 725 (2d Dep't 1990) (prosecutor failed to disclose tape-recorded impeachment material prior to 1987 trial).
- *People v. Anderson*, 160 A.D.2d 806 (2d Dep't 1990) (observing that prosecutor failed to timely disclose impeachment material for 1988 trial).
- *People v. Clausell*, 182 A.D.2d 132, 135 (2d Dep't 1992) (ordering new trial for *Brady* violations, where prosecution withheld 1989 arrest report in which police officer provided description of suspect that did not match defendant and that "was wholly at odds with the testimony given by [the arresting officer]").
- *People v. Crespo*, 188 A.D.2d 483 (2d Dep't 1992) (noting that trial court's grant of a mistrial was proper sanction for prosecutor's late disclosure of *Brady* material consisting of a statement taken from a potential third-party suspect in a 1988 murder).

- *People v. Cecora*, 186 A.D.2d 215 (2d Dep't 1992) (vacating 1989 conviction and ordering new trial because prosecution and police failed to disclose ADA's notes from interview with detective that contained statements that conflicted with other material).
- *People v. Hughes*, 181 A.D.2d 912 (2d Dep't 1992) (granting 440 motion and ordering trial court to hold hearing regarding prosecution's failure to disclose exculpatory police report in advance of 1980 trial).
- *People v. Inswood*, 180 A.D.2d 649 (2d Dep't 1992) (acknowledging prosecution's failure to turn over *Brady* material—the identity of material witnesses—in advance of 1990 trial).
- *People v. Lebron*, 184 A.D.2d 784 (2d Dep't 1992) (reversing 1987 and 1988 convictions because prosecution presented false testimony from police officer that was "completely unbelievable and untrustworthy").
- *People v. Jackson*, 154 Misc. 2d 718, 733 (Sup. Ct. Kings Cnty. June 12, 1992), *aff'd,* 198 A.D.2d 301 (2d Dep't 1993) (after remand from Court of Appeals ordering a hearing on defendants' claims of *Rosario* violations, the trial court vacated defendant's 1981 conviction for murder and arson due to prosecutor's failure to disclose *Brady* information of arson expert who told several ADAs that the fire was an accident, that evidence of arson had been fabricated, and that he had grave reservations of the fire department's investigation and the ADA's destruction of interview notes of exculpatory witness; despite the serious *Brady* violations, the KCDAO refused to discipline trial prosecutor Jon Besunder and promoted him to Executive Assistant DA of Homicide).
- *People v. Young*, 155 Misc. 2d 878 (Sup. Ct. Kings Cnty. 1992) (ordering new trial because of prosecutor's failure to turn over *Rosario* material—a prior statement of a police officer that testified at the 1989 trial—and finding that prosecution witnesses offered "tailored" testimony).
- *People v. Giddings*, 2/21/92 NYLJ 25 (col. 1) (Sup. Ct. Kings Cty., Feb. 21, 1992) (prosecutor's failure to disclose witness's prior inconsistent statements required conviction to be vacated).
- *People v. Smith*, 190 A.D.2d 700 (2d Dep't 1993) (failure to turn over written statements substantially prejudiced defendant's ability to effectively cross-examine the People's witnesses requiring reversal of defendant's convictions for assault, weapons and drugs).
- *People v. Gurley*, 197 A.D.2d 534 (2d Dep't 1993) (affirming trial court's grant of post-conviction motion arising from KCDA's suppression of *Brady* information—a police report establishing that the bullet in the victim's body was of a specific caliber—that prevented defendant from establishing defense at 1972 trial).
- *People v. Morrow*, 204 A.D.2d 356 (2d Dep't 1994) (reversing 1991 conviction where significant portion of police report was not disclosed prior to suppression hearing).
- *People v. Khadaidi*, 201 A.D.2d 585 (2d Dep't 1994) (reversing 1991 conviction for rape because prosecution failed to disclose interview notes with complainant containing prior inconsistent statement).
- *People v. Alvarado*, 201 A.D.2d 486 (2d Dep't 1994) (affirming order vacating 1986 conviction for robbery and ordering new trial because prosecution failed to disclose police reports containing statements that were inconsistent with complainant's and police officer's trial testimony).
- *People v. Anderson*, 222 A.D.2d 442 (2d Dep't 1995) (reversed robbery conviction due to prosecutor's failure to turn over scratch reports of witness interviews that were allegedly

lost when there was a serious identification issue and the failure to produce the reports prejudiced defendant's ability to cross-examine witnesses).

- *People v. Bramble*, 207 A.D.2d 407 (2d Dep't 1994) (upholding sanctions for prosecution's failure to preserve police audiotapes in 1992 notwithstanding defense discovery request).

- *People v. Ramos*, 166 Misc. 2d 515 (Sup. Ct. Kings Cnty. 1995) (vacating conviction and ordering new trial because, due to KCDAO policy of not taking notes of witness interviews, trial prosecutor was unaware of information acquired by previously assigned prosecutors for which court had ordered disclosure).

- *People v. Rahman*, 231 A.D.2d 745 (2d Dep't 1996) (remitting for CPL 440.10 hearing concerning prosecution's apparent failure to produce eyewitness informant for defendant's 1989 trial in violation of *Brady* obligations).

- *People v. Callendar*, 227 A.D.2d 499 (2d Dep't 1996) (vacating 1989 conviction and ordering new trial due to prosecutor's failure to turn over notes of detective's prior statement).

- *People v. Bruce*, 224 A.D.2d 438 (2d Dep't 1996) (reversing 1992 conviction ordering new trial because of prosecutor's failure to produce police reports containing impeachment material).

- *People v. Scott*, 88 N.Y.2d 888 (1996) (observing that prosecution failed to disclose statement regarding 1985 polygraph result that had been specifically requested by defendant).

- *People v. Hill*, 244 A.D.2d 572 (2d Dep't 1997) (affirming order sanctioning prosecutor for *Rosario* violation related to 1993 conviction).

- *People v. Gramby*, 251 A.D.2d 346 (2d Dep't 1998) (observing that prosecutor suppressed and failed to timely disclose 911 tape in advance of 1996 trial).

- *People v. Bond*, 95 N.Y.2d 840 (2000) (ordering new trial for 1994 conviction where prosecution failed to disclose prior unrecorded statements to police by prosecution's main witness that she did not see shooting about which she provided "eyewitness" testimony).