EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

JONATHAN S. ABADY
MATTHEW D. BRINCKERHOFF
ANDREW G. CELLI, JR.
RICHARD D. EMERY
DEBRA L. GREENBERGER
DIANE L. HOUK
DANIEL J. KORNSTEIN
JULIA P. KUAN
HAL R. LIEBERMAN
ILANN M. MAAZEL
KATHERINE ROSENFELD
ZOE SALZMAN
SAM SHAPIRO
VASUDHA TALLA
EARL S. WARD
O. ANDREW F. WILSON

ATTORNEYS AT LAW
ONE ROCKEFELLER PLAZA
8TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbawm.com

DANIEL M. EISENBERG

CLAIRE Z. ABBADI
ERIC ABRAMS
NICK BOURLAND
HANNAH BRUDNEY
SARA LUZ ESTELA
ALBERT HUBER[1]
LAURA S. KOKOTAILO
HAFSA S. MANSOOR
SANA MAYAT
ADAM NASSER
VIVAKE PRASAD
MAX SELVER
MAGGIE TURNER
EMILY K. WANGER
RACHAEL WYANT
SYDNEY ZAZZARO

September 17, 2026

***Via ECF***

Magistrate Judge Joseph A. Marutollo
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

*Re:* *Brian Kendall v. City of New York et al (1:26-cv-03957-AMD-JAM)*

Dear Hon. Marutollo:

This law firm represents Plaintiff Brian Kendall. We write in response to Defendant City of New York's September 10, 2026 letter regarding service on the individual defendants named in this action. *See* ECF 25.

Plaintiff has properly served two of the deceased individual defendants, Dennis Minogue and James Rooney, through the administrator and executor of their estates, who have not been discharged and the estates remain open. Neither the City nor the representatives of the estates have come forward with evidence to support the contention that the estates are "closed." As for deceased defendant Daniel Lynaugh, the City has yet to provide Plaintiff with information from the City's pension fund to determine whether an estate has been established by a representative.

## I. Service of Process on the Deceased Individual Defendants and Their Estates

Plaintiff served Anne Minogue, administrator of the estate of Defendant Dennis Minogue, with the summons and complaint on July 11, 2026. *See* ECF 17 (proof of service). On information and belief, Defendant Minogue, formerly a detective with the New York Police Department ("NYPD"), died in 2018. In 2019, a probate proceeding was initiated for Defendant

[1] Albert Huber: admitted only in Florida.

Minogue in Kings County Surrogate's Court under docket numbers 2019-4575 and 2019-4575/A. *See* Ex. A (New York WebSurrogate file history). On May 25, 2022, letters of administration for the estate of Defendant Minogue were issued to his widow Anne Minogue. *See* Ex. B (Decree Granting Administration and Decision). According to the docket for the probate proceeding, Anne Minogue has not been discharged as administrator. *See* Ex. A. Nor is either estate proceeding described as "closed" on WebSurrogate. *Id.* ("Estate Closed: N").

Plaintiff served James P. Rooney II, executor of the estate of Defendant James Rooney, with the summons and complaint on July 28, 2026. *See* ECF 21 (proof of service). Defendant Rooney, formerly a NYPD detective, died in January 2003. In July 2003, a probate proceeding was initiated for Defendant Rooney in Nassau County Surrogate's Court under docket number 328749. *See* Ex. C (WebSurrogate file history). On July 9, 2003, letters appointing James P. Rooney II as executor of Defendant Rooney's estate were issued. *See* Ex. D (Decree and Letters Testamentary). According to the docket for the probate proceeding, the estate is not "closed." *See* Ex. C ("Estate Closed: N"). No action has been taken to discharge James P. Rooney II as executor of Defendant Rooney's estate.

Plaintiff has not yet served Defendant Daniel Lynaugh. After filing the complaint, Plaintiff's counsel learned that Defendant Lynaugh had died on January 17, 2014 in Manhattan. Defendant Lynaugh's death certificate listed an address for his widow in Brooklyn. Our office could not find a probate proceeding for Defendant Lynaugh in Surrogate's Court in any county in New York City or in Suffolk or Nassau Counties. We have asked the City whether Defendant Lynaugh designated an executor, administrator, or other individual to receive his pension benefits after his death; to date, we have not received that information from the City.

## II. Service Has and Can Be Properly Made on the Deceased Defendants

*First*, Plaintiff has properly served Defendants Minogue and Rooney through the current administrator and executor of their estates, respectively. Section 1983 claims survive the death of a defendant. *See Graham v. Henderson*, 224 F.R.D. 59, 62-63 (N.D.N.Y. 2004) (Section 1983 claim survived death of defendant); *Barrett v. United States*, 651 F. Supp. 604, 606 (S.D.N.Y. 1986) (same); *Pratt v. Bernstein*, 533 F. Supp. 110, 117 (S.D.N.Y. 1981) (same). That is true even though Defendants Minogue and Rooney died prior the initiation of this action because, under New York law, "[n]o cause of action for injury to person or property is lost because of the death of the person liable for the injury. For any injury, an action may be ***brought or continued*** against the personal representative of the decedent . . . ." N.Y. Est. Powers & Trusts Law (McKinney 1967) ("EPTL") 11-3.2(a)(1) (emphasis added). New York law defines a "personal representative" as "a person who has received letters to administer the estate of a decedent." EPTL § 1–2.13; *see Allen ex rel. Allen v. Devine*, 2011 WL 5117619, at *4 (noting that under New York law, "a 'representative' is usually the appointed administrator or executor of the decedent's estate").

*Second*, the administrator and the executor of the estates of Defendants Minogue and Rooney bear the burden to demonstrate that service was not effectuated because the estates have been "closed." *See, e.g.*, *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 57-58 (2d Cir. 2002) (in absence of sworn facts denying proper service, court presumes that

defendant was properly served based upon process server's affidavit of service); *Moran v. Mu*, 74 A.D.3d 922, 924 (2010) (appellant failed to establish that she was no longer the personal representative of the deceased, where "no documents were submitted in support of the appellant's claim that her status as personal representative had terminated"). Here, no evidence has been submitted to support the City's contention that "upon information and belief, neither of the Estates are currently open nor are there representatives to act on behalf of the Estates." ECF 25 at 1. The City does not address whether Anne Minogue and James Rooney II are or were the administrator or executor of the Defendants' estates or whether they have been discharged from that function. No such action appears to have occurred here. *See* Ex. A, C (docket history).

*Third,* Plaintiff intends to serve the representative of Defendant Lynaugh's estate. If there is no administrator or executor of his estate, Plaintiff will seek the appointment of the public administrator to serve as the administrator and accept service of the complaint and summons. *See* N.Y. Surr. Ct. Proc. Act Law ("SCPA") 1123(i)(1) (authorizing county public administrator to accept service of process); *Spagnuolo v. Suffolk Cnty*., No. 12 CV 4327, 2017 WL 4326510, at *6 (E.D.N.Y. Sep. 28, 2017) (citing *Roe v. City of N.Y.*, No. 00-CV-9062, 2003 WL 22715832, at *2 (S.D.N.Y. Nov. 19, 2003)) (permitting Public Administrator of Nassau County to be substituted for deceased defendant because they were "lawfully designated by state authority to represent the deceased's estate"); *Laurenti v. Teatom*, 210 A.D.2d 300, 619 (2d Dep't 1994) (noting that Surrogate's Court could have appointed public administrator as personal representative of estate of defendant that died prior to filing of complaint so that plaintiff could have timely effectuated service); *Leyva v. Levy*, 120 A.D.2d 444, 445 (1st Dep't 1986) (wrongful death action brought against Public Administrator of Bronx County in his capacity as administrator of deceased defendant's estate).

*Fourth*, *Shabazz et al v. United States et al* is largely irrelevant. *See* ECF No. 25 at 1. *Shabazz et al* addressed the narrow issue of whether individual defendants could be sued if their estates never existed or had already been discharged. *See* Opinion and Order at 11, *Shabazz et al v. United States et al*, No. 1:24-cv-08680 (S.D.N.Y. Aug. 19, 2026), Dkt. No. 140. Here, in contrast, the estates of Defendants Minogue and Rooney have not been closed or discharged.

As for Defendant Lynaugh, Judge Ho rejected in *Shabazz et al* the categorical proposition that there is no jurisdiction to sue individual defendants where estates never existed or have already been discharged. *See* Opinion and Order at 11, *Shabazz et al v. United States et al*, No. 1:24-cv-08680 (S.D.N.Y. Aug. 19, 2026), Dkt. No. 140. The cases cited in *Shabazz et al* instead support the straightforward rule that an action against a deceased defendant must be brought against the executor or administrator of the decedent's estate (and not against the estate itself), and there may be no personal jurisdiction over the estate's representative if the estate is discharged prior to service. *See id.* at 11-12 (citing cases); *Wilmington Tr., Nat'l Ass'n v. Est. of McClendon,* 287 F. Supp. 3d 353 (S.D.N.Y. 2018) (estate itself cannot be sued; action must be brought against the executor or administrator in his or her representative capacity); *Water Energizers Ltd. v. Water Energizers, Inc*., 788 F. Supp. 208 (S.D.N.Y. 1992) (plaintiff failed to make even a *prima facie* showing of personal jurisdiction over the estate, because "Defendants show, and plaintiff does not deny, that the Estate of Robert E. Harris Sr. does not exist, having been wound up prior to service of this action."). *Shabazz et al* and its underlying cases do not

preclude Plaintiff from seeking the appointment of a public administrator so that service can be properly effectuated upon Defendant Lynaugh's estate. Nor do they preclude Plaintiff from seeking a public administrator to be appointed and served if the representatives of Defendants Minogue and Rooney have been discharged.

Finally, As Judge Ho acknowledges in *Shabazz et al*, ECF No. 140 at 12, Plaintiffs "convincingly" cite several cases where "courts have allowed plaintiffs to sue estates of deceased individuals where another defendant to the suit has a statutory duty to indemnify the decedent." *Id.* Here, the City of New York has a duty to indemnify the acts of deceased NYPD officers acting within the scope of their employment. *See* General Municipal Law § 50-k(3) ("The city shall indemnify and save harmless its employees in the amount of any judgment obtained against such employees in any state or federal court, or in the amount of any settlement of a claim approved by the corporation counsel and the comptroller, provided that the act or omission from which such judgment or settlement arose occurred while the employee was acting within the scope of his public employment and in the discharge of his duties and was not in violation of any rule or regulation of his agency at the time the alleged damages were sustained"); *see e.g.,* Stipulation to Substitute a Party, *Carlton Lewis v. The City of Syracuse et al.*, No. 5:24-cv-01354 (N.D.N.Y Feb. 25, 2025), ECF Nos. 23, 27 (allowing plaintiff to have a administrator appointed to represent the estates of a deceased Syracuse Police Department captain and investigator to be sued in a wrongful conviction case).

For the foregoing reasons, Plaintiff and the Court have proper jurisdiction over the estates of Defendants Minogue and Rooney and will have proper jurisdiction over Defendant Lynaugh once his administrator, executor or a public administrator is appointed and served.

Respectfully submitted,

/s/____________
Julia P. Kuan
Vasudha Talla
Claire Z. Abbadi